Case 1:25-cv-00136   Document 16   Filed on 07/30/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **DAVID KAKHIDZE**, § | |
| Plaintiff, § | |
| § | |
| v. § | **Civil Action No.** 1:25-cv-00136 |
| § | |
| **FRANCISCO VENEGAS**, § | |
| Defendant. § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is pro se Petitioner David Kakhidze's[1] "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Kakhidze's "§ 2241 Petition"). Dkt. No. 14. For the reasons discussed below, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Kakhidze's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Kakhidze is a Georgian national in immigration custody immigration custody at the El Valle Detention Facility in Raymondville, Texas. Dkt. No. 1. He was taken into immigration custody on December 10, 2024. Dkt. No. 14 at ¶ 11. A final deportation order was entered for Kakhidze by Immigration Judge Frank Pimental on February 20, 2025. Dkt. No. 1.

---

[1] Originally, Petitioner's name was listed as "Kakhidze David." Dkt. No. 1. However, upon review of a more complete record, the Court finds that this original writing omitted a comma and was attempting to list Petitioner's name in a "last name, first name" format. Accordingly, the Court has directed the Clerk of Court to correct Petitioner's name on the docket to read as "David Kakhidze." The style of this case has been updated above to reflect this correction.

On June 24, 2025, Kakhidze filed a "Petition for [Writ] of [Habeas] Corpus 28 U.S.C. § 636(b)" (hereinafter, Kakhidze's "Original Petition") alleging that he has been unlawfully detained by federal immigration authorities while awaiting removal to Georgia, citing the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* Specifically, Kakhidze asserted that he has "been in the El Valle detention center for 6 month[s] awaiting [his] deportation," but that "I.C.E. officers have changed the date of [his] deportation several time[s]," and that he has "repeatedly asked for self-deportation at [his] own expense." *Id.*

Kakhidze's Original Petition failed to include a completed copy of the AO 242 Form for filing a habeas petition under § 2241. *See id.* On June 30, 2025, the Court issued an Order that (1) directed the Clerk of Court to correct the docket to name Francisco Venegas—the Facility Administrator at the El Valle Detention Center—as the Respondent; (2) Ordered the Clerk to serve the Petition on Venegas; (3) Ordered the Clerk to send Kakhidze a copy of the AO 242 Form; and (4) Ordered Kakhidze to submit a completed copy of the AO 242 Form within 30 days of receiving it. Dkt. No. 7 at 1—2.

The Court then received Kakhidze's completed AO 242 Form on July 11, 2025. Dkt. No. 14. In his AO 242 Form, Kakhidze states that:

> More than 4 months have passed since the court made a decision on my deportation. I asked for self-deportation many times; each time I was refused. ICE officers change the date of deportation each time, each time they like to me. I have been writing an appeal to ICE officers for more than 2 wees and they do not answer me. This can go on for many months. I ask the court to help m[e] deport on time, or release me from custody and give me the opportunity to leave the USA on my own.

*Id.* at ¶ 15.

## II. LEGAL STANDARDS

### A. *Federal Subject Matter Jurisdiction: Standing and Ripeness*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts presume that any given case lies outside this limited jurisdiction, and the party seeking to invoke jurisdiction has the burden of showing otherwise. *Kokkonen*, 511 U.S. at 377; *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). Accordingly, federal courts have an independent obligation to examine their own subject matter jurisdiction, even sua sponte. *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021), *cert. denied*, 142 S.Ct. 1670 (2022) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

The United States Constitution limits federal jurisdiction to the resolution of "Cases" and "Controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992); U.S. Const. art. III, § 2, cl. 1. Standing is an "essential and unchanging part" of the Constitution's case-or-controversy requirement. *Lujan*, 504 U.S. at 559. Standing requires, in part, an "actual or imminent" injury, i.e., one that is "ripe for decision." *Id.* at 560; *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002), *cert. denied sub nom. Schuehle v. Norton*, 537 U.S. 1071 (2002). For a claim to be ripe, it must have "matured sufficiently to warrant judicial intervention." *Contender Farms, L.L.P. v. U.S. Dep't of Agric.*, 779 F.3d 258, 267 (5th Cir. 2015) (internal quotations omitted). A premature claim for relief is not judicially ripe and falls outside the federal courts' limited jurisdiction. *Shields*, 289 F.3d at 835; *see also Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (per curiam) (noting that standing and ripeness are "essential components of federal subject-matter jurisdiction.").

Without subject matter jurisdiction, federal courts have no authority to adjudicate a case and must dismiss it. *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021); Fed. R. Civ. P. 12(h)(3). Dismissal for lack of subject matter jurisdiction is without prejudice. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

### B. 28 U.S.C. § 2241: Habeas Review of Final Orders of Removal

The district courts may grant writs of habeas corpus to persons in federal custody in violation of federal law. 28 U.S.C. § 2241(a), (c)(1), (c)(3). This power extends to immigrant detainees in custody beyond the statutorily mandated removal period. 8 U.S.C. § 1231(a)(1)(A); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Habeas review of removal orders, however, is conditioned on the detainee first exhausting all available administrative remedies. 8 U.S.C. § 1252(d)(1). Failure to exhaust administrative remedies should result in dismissal without prejudice. *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007).

### III.   DISCUSSION

The Court lacks subject matter jurisdiction over Kakhidze's claim because Kakhidze's alleged injury is not ripe for review. Federal regulations authorize immigration judges to issue orders of removal, which become final once the Board of Immigration Appeals has acted or the time to seek review of a removal order expires. *See generally* 8 C.F.R. § 1241.1; *Texas v. United States*, 524 F. Supp. 3d 598, 614 (S.D. Tex. 2021) (Tipton, J.). Generally, the Government has ninety days to execute a final removal order and *actually* remove the unauthorized immigrant. 8 U.S.C. § 1231(a)(1)(A).

Though § 2241 proceedings "remain available as a forum for statutory and constitutional challenges to post-removal-period detention," the detainee's ability to seek

habeas relief is subject to certain time constraints. *Zadvydas*, 533 U.S. at 688. When the Government fails to execute a removal order within the ninety-day period to do so, post-removal detention must be limited to a period "reasonably necessary" to effectuate removal; indefinite detention is not permitted. *Id*. at 689.

This does not mean that *any* amount of post-removal-period of confinement is unlawful; rather, the Government's obligation to rebut a presumption of indefinite detention does not activate until after detention has been ongoing longer than six months, and only after the immigrant detainee first makes a showing that "there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701. Up to six months of immigration detention *after entry of a final removal order* is, thus, "presumptively reasonable." *Id*.; *Chance v. Napolitano*, 453 F. App'x 535, 536 (5th Cir. 2011) (per curiam).

In arriving at the six-month presumption, the United States Supreme Court acknowledged the sensitive interplay of separation of powers concerns and national interests in the immigration context. *See Zadvydas*, 533 U.S. at 700. The six-month presumption, then, reflected a reasoned judgment that earlier review of post-removal-period detention posed too great a risk to institutional interests to properly warrant judicial scrutiny.

Kakhidze's claim fails for this reason. Kakhidze clearly states he has received his final removal order from Judge Pimental on February 20, 2025. Dkt. No. 1. As of the date of this Report and Recommendation, then, only 160 days have passed since Kakhidze's deportation order was entered. *See id*.; *see also* Dkt. No. 14. This is, of course, fatal to a successful § 2241 claim because it falls far short of six months and so is in the window of presumptive reasonableness. *See Zadvydas*, 533 U.S. at 701; *see also Chance*, 453 F.

App'x at 536. Further, Kakhidze has not shown a significant likelihood that he will not be removed in the foreseeable future. Dkt. Nos. 1, 14.

As a result, judicial intervention at this stage is premature and, for the reasons explained in *Zadvydas*, would be imprudent considering the Executive branch's primary prerogative over the administration of immigrant removal. *See Zadvydas*, 533 U.S. at 700. Accordingly, Kakhidze's claim is not ripe and is subject to dismissal for lack of subject matter jurisdiction.

## IV.   RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Kakhidze's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

    **SIGNED** on this **30th** day of **July, 2025,** at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**